April Term, 1912.

## PARKER v. MEADOWS.
### (No. 680.)

Trial—Control of General Finding by Special Findings—Deeds—Construction and Operation—Conditions Subsequent—Forfeitures.

1. Where the court finds generally for plaintiff and also makes special findings, the general finding is limited and controlled by the special findings.

2. Forfeitures are not favored, and will generally be relieved against in a court of equity, where compensation can be made.

3. When a forfeiture is sustained it will be strictly construed, and will not be extended beyond the strict terms of the conditions.

4. By the terms of a deed covering both real and personal property it was agreed that if the defendant violated certain conditions the deed should become void, and the title to the lands re-invest in the grantor. *Held,* that the consequence of a breach of the conditions having been thus defined and limited, respecting a reversion of the title to the property, a decree was proper in an action for the cancellation of the deed awarding the real property to the grantor and the personal property to the grantee.

[Decided April 1, 1912.]                    (122 Pac. 586.)

Error to the District Court, Crook County; Hon. Carroll H. Parmelee, Judge.

The material facts are stated in the opinion.

*Enterline & LaFleiche,* and *M. Nichols,* for plaintiff in error.

The court having found generally for the plaintiff and also specially found that the defendant failed to keep the covenants of the deed on her part to be performed, and by the judgment ordered the deed to be cancelled and held for naught, it was error to award the personal property to the defendant and the judgment should be modified in that re-

spect. By the judgment also the defendant's cross-petition was dismissed, and there is no allegation in the plaintiff's petition upon which the judgment which was rendered can be predicated. The cancellation of the deed divested the defendant of any and all right she then had under and by virtue of its terms. Neither a motion for new trial nor bill of exceptions is necessary to have this error considered and the judgment modified, since the only contention is that the findings of fact do not support the judgment. (Seibel v. Bath, 5 Wyo. 409.) The judgment not being supported by the pleadings, and the findings of fact not being sufficient to warrant the conclusion of law relative to the disposition of the personal property, the judgment should be modified as suggested in the petition in error. (Nichols v. Board, 13 Wyo. 1.)

No brief for defendant in error.

BEARD, CHIEF JUSTICE.,

This action was brought by the plaintiff in error, Andrew J. Parker, against the defendant in error, Ada Meadows, to set aside and cancel a certain deed executed by plaintiff to defendant. The court found generally for the plaintiff and also made certain special findings, and conclusions of law, and entered a decree cancelling the deed and awarding to plaintiff the lands described in the deed, and awarding to defendant the personal property therein described. From the decree giving the personal property to defendant, plaintiff brings error and seeks a modification of the decree to that extent.

The evidence is not brought up, and the only question presented is, whether the conclusions of law and decree are supported by the pleadings and findings.

The deed which plaintiff sought to have set aside was a deed executed by him to the defendant and conveyed certain lands therein described, and "said party of second part is also to have all stock and brand and implements on the premises," excepting a saddle mare, saddle and bridle. The consideration for the deed recited therein was, in substance, one

dollar and that defendant should make a home for plaintiff
on the land and furnish him with the necessaries of life dur-
ing his lifetime.    The deed contained the following condi-
tion : "And it is expressly agreed by and between the parties
hereto, that if the party of the second part shall attempt to
dispose of said property before his death, or in any manner
fail to keep the covenants herein contained, then this agree-
ment of deed shall become void and the title to said lands
shall reinvest to the party of the first part, but if the party
of the second part shall perform all the conditions herein set
forth, then upon the death of said party of the first part, the
title to said lands shall be absolute in the said Ada Meadows
or her heirs."   The deed was in the ordinary form and con-
tained the usual covenants of warranty.   The plaintiff in his
petition alleged that defendant had failed in a number of
particulars to keep and perform the things required of her
by the conditions of the deed, among which was that she had
attempted to dispose of his property.   The defendant in her
answer denied any violations of the terms of the deed on her
part, and filed a cross-petition alleging fraud on part of
plaintiff, and other matters not necessary to set out here.
The findings made by the court, so far as necessary to an
understanding of the questions presented, are as follows :
"The court being now fully advised in the premises, doth
find generally for the plaintiff and doth further find as fol-
lows :  That on the 16th day of December, A. D. 1907, the
plaintiff being the owner of the property hereinafter men-
tioned and being in possession thereof, made, executed, ac-
knowledged, and delivered to the defendant for the consid-
eration therein expressed, a certain warranty deed and con-
tract in words and figures following, to-wit:  (Here follows
a copy of the deed.)   That within a few days thereafter the
said plaintiff delivered said deed to said defendant and the
said defendant accepted the same, and thereupon and thereby
entered into possession of the lands described in said deed
and took possession of the property both real and personal,
mentioned therein, and ever since has remained and now

is in possession of all of said property, saving and excepting as to some of the horses which defendant has disposed of. That prior to the execution of the said deed and contract hereinbefore set forth, on the 18th day of September, 1907, the said plaintiff executed and delivered to the said defendant, the instrument of writing mentioned and set forth in the answer and cross-petition of the defendant, the same being in the words and figures following, to-wit: 'This is to certify that I have sold to Mrs. Ada Meadows all my horses in Crook Co., Wyo., branded $\underline{6}$ on left hip also the brand and also my farm when she goes there. Reserving the use of my spotted saddle mare, Kit, and the sadde and bridle and when the mare is unfit for use then said Ada Meadows is to furnish me with another good saddle horse as long as I live and can use one. In consideration of this the said Ada Meadows is to move into my house in Forest Precinct, Wyo., and board, clothe and furnish me with all the necessary comforts of life as long as I live. But if the said Ada Meadows fails to perform the within stipulations then this agreement is null and void and of no further affect. Dated Missoula, Mont., Sept. 18th, 1907, A. J. Parker.' That by reason of the execution of the deed and contract first herein mentioned and set forth and by reason of the delivery and balance (acceptance?) thereof, as aforesaid, the said instrument in writing last hereinabove mentioned and set forth became a part of and merged into the said deed and contract. That the said defendant failed to keep and perform the covenants and conditions on her part to be performed, under and by virtue of said deed and contract in that the said defendant prior to the commencement of this action, did sell and dispose of some of the horses mentioned and described in the said deed and contract. That the said plaintiff has a legal estate in and to said lands described in the deed hereinbefore set forth and is entitled to the possession thereof and that the defendant unlawfully keeps him out of the possession of the said lands."

"And upon the findings aforesaid the court doth find and

state its conclusions of law, as follows: That the said deed and contract so made, executed, delivered and accepted, as aforesaid, has become void and that the same should be cancelled and held for naught, and that the title to the lands mentioned in said deed should revert to the plaintiff herein but that the title and possession in and to the personal property mentioned in said deed and not disposed of by the defendant shall remain in and belong to the defendant. That the plaintiff is entitled to the possession of said lands and that he is entitled to a judgment for the cancellation of said deed and for the possession of the said lands."

A decree was entered in accordance with the above stated conclusions of law, and contains the further order, "That the cross-petition of the defendant herein be dismissed and that the plaintiff be permitted to amend his petition and the prayer thereof in accordance with the proof and findings herein."

Plaintiff's contention is, that as the court found generally for the plaintiff and that defendant had violated the conditions of the deed, and held the deed to have become void on that account, and dismissed defendant's cross-petition, it should have awarded him the personal property as well as the real estate. But the general finding was limited and controlled by the special findings. Forfeitures are not favored; and courts of equity will generally relieve against a forfeiture where compensation can be made. In this case the title to the property both real and personal passed to and vested in the defendant by the deed and the condition was a condition subsequent. It is also well settled that when a forfeiture is sustained it will be strictly construed and will not be extended beyond the strict terms of the condition. By the terms of the deed in this case the parties have expressly agreed that if the defendant violated the conditions, the effect of such violation should be that the deed should become void and the title to the *lands* reinvest in plaintiff. Having thus defined and limited the consequences of a breach of the conditions in the deed in so far as a reversion

of the title to the property is concerned, we think, under a strict construction of the deed, the conclusions of law here complained of are supported by the findings and the decree follows such conclusions.

The judgment of the district court, therefore, is affirmed.

SCOTT and POTTER, JJ., concur.